**FILED**
APR 2 0 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ALTA IRRIGATION DISTRICT,<br>a political subdivision of the State of<br>California, in Kings County,<br>289 North L Street,<br>Dinuba, CA 93618<br><br>      Plaintiff,<br><br>v.<br><br>ERIC HOLDER,<br>Attorney General of the<br>United States of America;<br>THOMAS E. PEREZ,<br>Assistant Attorney General,<br>Civil Rights Division, United States<br>Department of Justice, Washington, DC,<br><br>      Defendants. | Case: 1:11-cv-00758<br>Assigned To : Leon, Richard J.<br>Assign. Date : 4/20/2011<br>Description: 3-Judge Court<br><br>Three-Judge Court Requested |

## COMPLAINT FOR DECLARATORY RELIEF UNDER THE VOTING RIGHTS ACT

The Plaintiff Alta Irrigation District alleges that:

1. This is an action brought for declaratory relief pursuant to Section 4 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973b (hereinafter "Section 4"). This Court has jurisdiction over this action pursuant to 28 U.S.C. §1343(a)(4), 28 U.S.C. §2201, 42 U.S.C. §1973b, and 42 U.S.C. §1973l(b).

2. Plaintiff Alta Irrigation District ("District") is a political subdivision of the State of California. The District covers 211 square miles and is located on the east side of the San Joaquin Valley, primarily in Tulare and Fresno Counties in California, with a small portion of territory in Kings County (6.76 sq. mi.). Kings County is also a political subdivision of the State of California and a covered jurisdiction subject to the special

1

provisions of the Voting Rights Act, including Section 5 of the Act, 42. U.S.C. § 1973c. 42 U.S.C. §1973b(a)(1).

3. The primary function of the District is to deliver surface water to agricultural lands and administer a groundwater management program.

4. The predecessor entity to the current District was a private company called the "76 Land and Water Company", formed on June 7, 1882. The original intent was to develop a water supply and canal network to divert water from the Kings River to serve lands owned by the company near the City of Traver.

5. When the California Legislature passed the Wright Act of 1887, which permitted farm owners in agricultural regions to form and bond irrigation districts, 19 landowners posted a petitioners' bond to initiate an election process to form a public irrigation district. The community held an election on August 14, 1888 and voted overwhelmingly to form the third public irrigation district in California. It was named "Alta", which in Spanish means "high" or "highest" because the District's diversion location on the Kings River is the highest diversion point and first diversion point on the river.

6. The towns of Dinuba in Tulare County, and Reedley in Fresno County, are within the district's boundaries. The Kings County territory of the District is exclusively rural/agricultural and that territory contains no other political subdivisions within its boundaries.

7. There are approximately 22 registered voters in the District territory that is located in Kings County. Of these 22 registered voters, six have Hispanic surnames.

8. The District elects members to its governing board by electoral division. Only the voters in a particular division are entitled to vote for candidates for election to represent

that division; candidates must be residents within the division. Electoral Division 5 is the only division with territory in Kings County.

9. Currently, the District is the only California irrigation district formed under the Wright Act with 7 directors. Irrigation district law provides for 3 or 5 directors. The District carried special legislation in 1995 to enable it to add two directors for the two incorporated cities within its district, Dinuba and Reedley. In connection with the expansion of the board, the Irrigation District enacted a new electoral division plan. The expansion and the new electoral division plan, and other related changes, were precleared. (Submission Nos. 1995-0626 and 1340.)

10. The boundaries of the seven director divisions were realigned most recently in 2001. The realignment was precleared. (Submission No. 2001-1409, precleared on 06/26/01.)

11. Since its inception in 1965, the Voting Rights Act has allowed States, which are subject to these special provisions of the Act, to seek a judicial decree exempting them from coverage under the Act's special remedial provisions, if they can satisfy standards established in the Voting Rights Act. This exemption process is known as "bailout".

12. In 1982, Congress made changes in the exemption standards of the Voting Rights Act. As amended in 1982, Section 4 of the Voting Rights Act provides that political subdivisions within jurisdictions that are covered under the special provisions of the Act, are entitled to a declaratory judgment in this Court granting an exemption from the Act's special remedial provisions if, during the ten years preceding the filing of the action:

    A)      no test or device has been used either for the purpose or with the effect of denying or abridging the right to vote on account of race,

        color, or membership in a language minority group, within the State or political subdivision seeking a declaratory judgment;

  B)    no final judgment has been entered by any court determining that the political subdivision has denied or abridged the right to vote on account of race, color, or membership in a language minority group;

  C)    no Federal examiners have been assigned to the political subdivision;

  D)    all governmental units within the political subdivision have complied with the preclearance provisions of Section 5 of the Voting Rights Act, 42 U.S.C. §1973c; and

  E)    the Attorney General has not interposed any objection to any proposed voting change within the political subdivision and no declaratory judgment has been denied with regard to such a change by this Court under Section 5.

13. As described herein, plaintiff District has fully complied with the provisions of Section 4 of the Act.

14. As a political subdivision within a covered jurisdiction, plaintiff District has been subject to certain special remedial provisions of the Voting Rights Act, including the provisions of Section 5 of the Act, 42 U.S.C. §1973c. Under Section 5 of the Act, known as the 'preclearance' provisions, covered jurisdictions, including District, is required to seek and obtain preclearance from either this Court or from the United States Attorney General of any change affecting voting, and such preclearance must be obtained prior to implementation.

15. In the ten years preceding the filing of this action, District has made preclearance submissions to the United States Department of Justice pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. §1973c.

16. Within the ten years preceding the filing of this action, District has not enforced any voting change prior to Section 5 preclearance. The Attorney General has never

4

interposed a Section 5 objection to any change affecting voting in District. District has never sought judicial preclearance of any voting changes in this Court.

17. Voter registration opportunities in Kings County for District elections are readily and equally available to all citizens. The District itself does not conduct voter registration.

18. No person in District has been denied the right to vote on account of race, color, or membership in a language minority group for at least the preceding ten years.

19. The District has not used a "test or device" as defined in the Voting Rights Act (42 U.S.C. §1973b(c)) as a prerequisite to either registering or voting for at least the preceding ten years.

20. No final judgment of any court of the United States has determined that denials or abridgments of the right to vote on account of race or color have occurred in District, nor has the District entered into any consent decree, settlement or agreement resulting in any abandonment of a voting practice challenged on such grounds. There are no pending actions against District alleging such denials or abridgments of the right to vote.

21. No voting practices or procedures have been abandoned by the District or challenged on the grounds that such practices or procedures would have either the purpose or the effect of denying the right to vote on account of race or color.

22. The Plaintiff District has not employed any voting procedures or methods of election that inhibit or dilute equal access to the electoral process by minority voters in the District. Minority voters in District are not being denied an equal opportunity to elect candidates of their choice to any office in the District.

23. Federal examiners have never been appointed or assigned to District under Section 3 of the Voting Rights Act, 42 U.S.C. §1973a.

24. Because there has not been any known intimidation or harassment of persons exercising rights protected under the Voting Rights Act in District within the last ten years, the District has not had any occasion to take any action eliminating such activity.

25. Pursuant to 42 U.S.C. §1973b, the District has "publicize[d] the intended commencement ...of [this] action in the media serving [the District] and in the appropriate United States post offices."

26. The proposed bailout was the subject of a public hearing on October 28, 2010; thereafter the board unanimously voted to proceed with the bailout.

27. The allegations set forth in paragraphs 13 through 24, above, if established, entitle plaintiff District to a declaratory judgment under Section 4 of the Voting Rights Act, 42 U.S.C. §1973b, exempting the District from the special remedial provisions of the Voting Rights Act.

WHEREFORE, plaintiff District respectfully prays that this Court:

A.  Convene a three-judge court, pursuant to 28 U.S.C. §2284 and 42 U.S.C. §1973b, to hear the claims raised in plaintiff's complaint;

B.  Enter a declaratory judgment that plaintiff District is entitled to a bailout from the special remedial provisions of the Voting Rights Act; and

C.  Grant such other relief as may be necessary and proper as the needs of justice may require.

Respectfully submitted,

**FOR THE PLAINTIFF ALTA IRRIGATION DISTRICT:**

*/s/ J. Gerald Hebert*

**J. GERALD HEBERT**
DC Bar No. 447676
Attorney at Law
191 Somervelle Street, #405
Alexandria, Va. 22304
Tel (703) 628-4673
Email: hebert@voterlaw.com
Email: jghebert@comcast.net

**MARGUERITE MARY LEONI**
California State Bar No. 101696
Nielsen Merksamer
Parrinello Gross & Leoni, LLP
2350 Kerner Boulevard, Ste 250
San Rafael, CA 94901
Tel (415) 389-6800
Email: mleoni@nmgovlaw.com