IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALTA IRRIGATION DISTRICT,<br>a political subdivision of<br>the State of California,<br><br>Plaintiff,<br><br>v.<br><br>ERIC H. HOLDER, JR.,<br>Attorney General of the<br>United States of America,<br><br>THOMAS E. PEREZ,<br>Assistant Attorney General,<br>Civil Rights Division,<br><br>Defendants. | **FILED**<br>JUL 15 2011<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia<br><br>Civil Action No. 1:11-cv-758<br>(three-judge court) RJL-DHG-PLF |

## CONSENT JUDGMENT AND DECREE

1. This action was initiated on April 20, 2011, by Plaintiff Alta Irrigation District ("Alta" or "the District") against Defendants Eric H. Holder, Jr., Attorney General of the United States, and Thomas E. Perez, Assistant Attorney General, Civil Rights Division (collectively "the Attorney General").

2. Alta is a governmental entity organized under the constitution and laws of the State of California. The District overlaps three counties: Fresno County, Kings County, and Tulare County. Kings County is covered by the special provisions of the Voting Rights Act, based on a coverage determination under Section 4(b) made by the Attorney General and the Director of the Census, and published in the Federal Register. *See* 40 Fed. Reg. 43,746 (Sept. 23, 1975). By virtue of this coverage determination, Kings County and political subdivisions within its boundaries (including the District) must receive preclearance under Section 5 of the

1

Voting Rights Act for all changes affecting voting enacted or implemented after November 1, 1972.

3.  In this action, the District seeks a declaratory judgment pursuant to Section 4(a)(1) of the Voting Rights Act, 42 U.S.C. § 1973b(a)(1), exempting it from coverage under Section 4(b) of the Act, 42 U.S.C. 1973b(b). Exemption under Section 4(b) would in turn exempt the District from the preclearance provisions of Section 5, 42 U.S.C. § 1973c.

4.  This three-judge district court is authorized by 28 U.S.C. § 2284 and 42 U.S.C. § 1973b(a)(5) and has jurisdiction over this matter.

5.  Section 4(a) of the Voting Rights Act provides that a political subdivision subject to the special provisions of the Act may be exempted or "bailed out" from those provisions through a declaratory judgment action in this Court if it can demonstrate fulfillment of the specific statutory conditions in Section 4(a) both "during the ten years preceding the filing of the action" and "during the pendency of such action." 42 U.S.C. § 1973b(a). The statutory conditions are:

> (A) no . . . test or device has been used within such State or political subdivision for the purpose or with the effect of denying or abridging the right to vote on account of race[,] color[, or language minority status];
>
> (B) no final judgment of any court of the United States, other than the denial of declaratory judgment under this section, has determined that denials or abridgements of the right to vote on account of race[,] color[, or language minority status] have occurred anywhere in the territory of such State or political subdivision . . . and no consent decree, settlement, or agreement has been entered into resulting in any abandonment of a voting practice challenged on such grounds; and no declaratory judgment under this section shall be entered during the pendency of an action commenced before the filing of an action under this section and alleging such denials or abridgements of the right to vote;

>(C) no Federal examiners or observers under [the Voting Rights Act] have been assigned to such State or political subdivision;
>
>(D) such State or political subdivision and all governmental units within its territory have complied with [Section 5], including compliance with the requirement that no change covered by [Section 5] has been enforced without preclearance under [Section 5], and have repealed all changes covered by [Section 5] to which the Attorney General has successfully objected or as to which the United States District Court for the District of Columbia has denied a declaratory judgment;
>
>(E) the Attorney General has not interposed any objection (that has not been overturned by a final judgment of a court) and no declaratory judgment has been denied under [Section 5] of this title, with respect to any submission by or on behalf of the plaintiff or any governmental unit within its territory under [Section 5], and no such submissions or declaratory judgment actions are pending;
>
>(F) such State or political subdivision and all governmental units within its territory – (i) have eliminated voting procedures and methods of election which inhibit or dilute equal access to the electoral process; (ii) have engaged in constructive efforts to eliminate intimidation and harassment of persons exercising rights protected under [the Voting Rights Act]; and (iii) have engaged in other constructive efforts, such as expanded opportunity for convenient registration and voting for every person of voting age and the appointment of minority persons as election officials throughout the jurisdiction and at all stages of the election and registration process.

42 U.S.C. § 1973b(a)(1)(A)-(F).

>    6.    Section 4(a) provides three additional requirements for bailout:
>
>>To assist the court in determining whether to issue a declaratory judgment under this subsection, the plaintiff shall present evidence of minority participation, including evidence of the levels of minority group registration and voting, changes in such levels over time, and disparities between minority-group and non-minority-group participation.

42 U.S.C. § 1973b(a)(2).

>>No declaratory judgment shall issue under this subsection with respect to such State or political subdivision if such plaintiff and

3

> governmental units within its territory have, during the period beginning ten years before the date the judgment is issued, engaged in violations of any provision of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color or (in the case of a State or subdivision seeking a declaratory judgment under the second sentence of this subsection) in contravention of the guarantees of subsection (f)(2) of this section unless the plaintiff establishes that any such violations were trivial, were promptly corrected, and were not repeated.

42 U.S.C. § 1973b(a)(3).

> The State or political subdivision bringing such action shall publicize the intended commencement and any proposed settlement of such action in the media serving such State or political subdivision and in appropriate United States post offices.

42 U.S.C. § 1973b(a)(4).

7. Section 4(a)(9) provides that the Attorney General can consent to entry of a declaratory judgment granting bailout "if based upon a showing of objective and compelling evidence by the plaintiff, and upon investigation, he is satisfied that the State or political subdivision has complied with the requirements of [Section 4(a)(1)] . . . ." 42 U.S.C. § 1973b(a)(9).

8. The Attorney General has conducted a comprehensive and independent investigation to determine the District's eligibility for bailout. Department of Justice attorneys have interviewed members of the local minority community and reviewed a significant quantity of documentary evidence, including background information, demographic data, minutes of the Alta Irrigation District Board of Directors ("the Board"), voter registration records for the Kings County portion of the District, and the District's preclearance submissions.

9. The Attorney General and Alta agree that the District has fulfilled the conditions required by Section 4(a) and is entitled to the requested declaratory judgment exempting it from

Section 5 coverage. Accordingly, the District and the Attorney General have filed a Joint Motion for Entry of this Consent Judgment and Decree.

## AGREED FACTUAL FINDINGS

10. Alta Irrigation District is a special district of the State of California.

11. Alta is located in Fresno County, California; Kings County, California; and Tulare County, California. The substantial majority of the District, including its headquarters, lies in Tulare County. A small part of the District lies in Kings County.

12. The District was formed in 1888 under California's Wright Act, 1887 Cal. Stat. ch. 34, p. 29.

13. Alta does not contain any subjurisdictions or governmental units for which it is responsible.

14. The District reported a 2010 Census population of 78,265 persons, of whom 13,043 were Non-Hispanic White (16.7%), 61,631 were Hispanic (78.7%), 295 were Non-Hispanic Black (0.4%), 363 were American Indian/Alaskan Native (0.5%), and 2,634 were Asian (3.4%). The District's total reported 2010 Census voting-age population was 52,309, of whom 10,737 were Non-Hispanic White (20.5%), 38,877 were Hispanic (74.3%), 210 were Non-Hispanic Black (0.4%), 281 were American Indian/Alaskan Native (0.5%), and 2,020 were Asian (3.9%).

15. The 2010 Census determined that Kings County, California, had a total population of 152,982 persons, of whom 53,879 were Non-Hispanic White (35.2%), 77,866 were Hispanic (50.9%), 10,314 were Non-Hispanic Black (6.7%), 1,297 were American Indian/Alaskan Native (0.8%), and 5,339 were Asian (3.5%). Kings County's 2010 Census total voting-age population was 110,434, of whom 43,171 were Non-Hispanic White (53.9%), 50,909

were Hispanic (46.1%), 8,693 were Non-Hispanic Black (7.9%), 917 were American Indian/Alaskan Native (0.8%), and 4,178 were Asian (3.8%).

16. According to the 2010 Census, the total population in the portion of the District that lies in Kings County is 67, of whom 26 (38.8%) are Hispanic. The voting age population is 45, of whom 15 (33.3%) are Hispanic.

17. Alta is governed by a seven-member Board of Directors. Each director is elected from a single-member district, which is called a division. Directors are elected to four year terms under a non-partisan plurality-vote system. Elections are staggered so that three or four directors' terms expire every two years. Director elections are held in November of odd numbered years.

18. The District adopted its current Board structure in 1995 after receiving preclearance from the Attorney General. Prior to 1995, the Board of Directors consisted of five members elected from single-member districts. Alta expanded the Board to permit the creation of districts made up entirely of urban areas without violating the principle of one-person one-vote.

19. In the last twenty years, there has only been one minority candidate for the Alta Board of Directors, and no minority candidate has ever been elected to the Board. Nor has a member of a racial minority group ever been appointed to fill a vacancy.

20. All District territory in Kings County is in Director Division 5, although Tulare County makes up substantial majority of Director Division 5. The Board appointed Tom Marshall to fill a vacancy in the directorship for Division 5 in 1990. Marshall ran for reelection unopposed in 1993, 1997, 2001, 2005, and 2009, and he now serves as vice-chairman of the Board.

21. Under California law, when only a single candidate qualifies to run for a position in a special district, the election does not appear on the ballot. *See* Cal. Elec. Code § 10515(a). Because Marshall has never faced a challenger for the directorship in Division 5, there has not been an election in Kings County for the Alta Board of Directors for over 20 years.

22. All election-related functions in the Kings County portion of Alta – including voter outreach, list maintenance, voter registration, and the selection of polling sites – are administered by the Kings County Elections Department. The District does not participate actively in electoral processes. Voter registration is unitary in the State of California: registering to vote once will register voters for all federal, state, county, municipal, and special district elections, including Alta elections. The opportunity to register to vote is available in Kings County through a variety of offices, and through mail-in application available in English and Spanish.

23. In the portion of Kings County that is part of the District, all elections are conducted by mail. Thus, the Kings County Elections Department does not arrange for polling places or hire poll workers to serve voters in that area.

24. The District has ascertained that there are 22 registered voters in the portion of the District that lies in Kings County, of whom 6 have Hispanic surnames. The District is unable to present any other information directly measuring minority voter registration in Alta, since Kings County, like other counties in California, does not record the race of registered voters. Because there has not been an election for the Alta Board of Directors in Kings County for the last 20 years, historic voter registration tallies are not available.

25.   Kings County has engaged in constructive efforts to increase minority participation in elections, including expanded opportunity for convenient registration, Spanish-language outreach, and voter registration drives in the Hispanic community.

26.   Alta has made four submissions to the Attorney General under Section 5 of the Voting Rights Act, and the State of California has also submitted a special-purpose statute that applies only to the District. During the ten years preceding this action, and during the pendency of this action, the District has made three submissions under Section 5 to the Attorney General. The Attorney General has not interposed an objection to any of these submissions.

27.   The Attorney General reviewed the minutes of the Alta Board of Directors in the course of considering the District's bailout request and found three landowner tax protest proceedings carried out pursuant to Article XIII-D of the California Constitution that had been carried out without preclearance. The District expressed a good faith belief that the protests were not subject to Section 5 of the Voting Rights Act, *see* Cal. Gov't Code § 53750(6) (establishing that such protest ballots "shall not constitute an election or voting for purposes of Article II of the California Constitution or of the Elections Code"), but agreed to submit the protest proceedings as a precautionary measure. Upon review, the Attorney General did not interpose an objection to any of the related procedures.

28.   The District publicized its intent to commence this action prior to the filing of the Complaint in this action. *See* 42 U.S.C. § 1973b(a)(4). On October 13 and October 20, 2010, Alta published a notice of public hearing and of its intent to file suit. The notices appeared in the Hanford Sentinel, which serves Kings County, as well as the Reedley Exponent and the Dinuba Sentinel. Although all three newspapers publish in English, the advertisements were printed in both English and Spanish. The notice advertised that the District intended to seek to bailout

from the special provisions of the Voting Rights Act and directed any person desiring additional information or wishing to express an opinion to attend a public hearing. The District has also publicized notice of the commencement of this action, and of this proposed settlement, prior to the filing of the Joint Motion for Entry of Consent Judgment and Decree. *See* 42 U.S.C. § 1973b(a)(4). Specifically, Alta posted notices in the U.S. Post Office in the cities of Reedley and Dinuba, on April 21, 2010, for a two week period, and published notices in the Hanford Sentinel, Dinuba Sentinel and Reedley Exponent in English and Spanish between March 3 and June 1, 2010.

29. The Attorney General has determined that it is appropriate to consent to a declaratory judgment allowing bailout by the District, pursuant to Section 4(a)(9) of the Voting Rights Act. *See* 42 U.S.C. § 1973b(a)(9). The Attorney General's consent in this action is based upon his own independent factual investigation of the District's fulfillment of all of the bailout criteria and consideration of all of the circumstances of this case, including the views of minority residents of Kings County and Tulare County and the absence of evidence of racial discrimination in the electoral process. This consent is premised on an understanding that Congress intended Section 4(a)(9) to permit bailout in those cases where the Attorney General is satisfied that the statutory objectives of encouraging Section 5 compliance and preventing the use of racially discriminatory voting practices would not be compromised by such consent.

## AGREED FINDINGS ON STATUTORY BAILOUT CRITERIA

30. Alta Irrigation District is a covered jurisdiction subject to the special provisions of the Voting Rights Act, including Section 5 of the Act, 42 U.S.C. § 1973c. Under Section 5, the District is required to obtain preclearance either from this Court or from the Attorney General for

any change in voting standards, practices, and procedures adopted or implemented since the Act's coverage date for Kings County, California.

31. Alta is the only entity seeking bailout through this action. Neither Kings County nor any other jurisdiction in the County presently seeks bailout.

32. Alta Irrigation District is a political subdivision entitled to seek bailout from this Court for itself and by itself under Section 4(a). *See* 42 U.S.C. § 1973b(a)(1); *Nw. Austin Mun. Util. Dist. No. One* v. *Holder*, 129 S. Ct. 2504, 2516 (2009).

33. There are no other governmental units within the District's territory for which it is responsible or which must request bailout at the same time as the District within the meaning of Section 4(a). *See* 42 U.S.C. § 1973b(a).

34. During the ten years preceding the filing of this action and during the pendency of this action, the District has not used a test or device, as defined in Section 4(c), 42 U.S.C. § 1973b(c), or as defined in Section 4(f)(3), 42 U.S.C. 1973b(f)(3), for the purpose or with the effect of denying or abridging the right to vote on account of race, color, or language minority status. During the relevant time period there is also no indication that any person in the Alta Irrigation District has been denied the right to vote on account of race, color, or language minority status. *See* 42 U.S.C. § 1973b(a)(1)(A).

35. During the ten years preceding the filing of this action, and during the pendency of this action, no final judgment of any court of the United States has determined that denials or abridgments of the right to vote on account of race, color, or language minority status have occurred anywhere within the territory of the Alta Irrigation District. Further, no consent decree, settlement, or agreement has been entered into resulting in any abandonment of a voting practice

challenged on such grounds. No action is presently pending alleging such denials or abridgements of the right to vote. *See* 42 U.S.C. § 1973b(a)(1)(B).

38. During the ten years preceding the filing of this action, and during the pendency of this action, no Federal examiners or observers have been assigned to the Alta Irrigation District. *See* 42 U.S.C. § 1973b(a)(1)(C).

37. During the ten years preceding this action, and during the pendency of this action, the District made three administrative submissions to the Attorney General for review under Section 5, and the Attorney General did not object to any of these submissions. During the ten years preceding this action, and during the pendency of this action, three special property-based protest proceedings required by Article XIII-D of the California Constitution were held without preclearance. *See* 42 U.S.C. § 1973b(a)(1)(D). These proceedings and related procedures were not submitted for review under Section 5 prior to implementation based on the District's good-faith belief that they are not voting changes subject to the preclearance requirements of Section 5. There is no evidence that the District did not submit these matters prior to implementation for any improper reason. Nor is there any evidence that implementation of such changes, which have now been precleared under Section 5, has had a discriminatory effect on voting that would contravene Congress' intent in providing the bailout option to jurisdictions such as the District.

38. During the ten years preceding the filing of this action, and during the pendency of this action, there has been no need for the District to repeal any voting changes to which the Attorney General has objected, or to which this Court has denied a declaratory judgment, because no such objection or denials have occurred. *See* 42 U.S.C. § 1973b(a)(1)(D).

39. During the ten years preceding this action, and during the pendency of this action, the Attorney General has not interposed any objection to voting changes submitted by or on

11

behalf of the District for administrative review under Section 5.  No such administrative submissions by or on behalf of the District are presently pending before the Attorney General.  The District has never sought judicial preclearance from this Court under Section 5.  Thus, this Court has never denied Alta a declaratory judgment under Section 5; nor are any such declaratory judgment actions now pending.  *See* 42 U.S.C. § 1973b(a)(1)(E).

40. During the ten years preceding the filing of this action, and during the pendency of this action, Alta has not employed voting procedures or methods of election that inhibit or dilute equal access to the electoral process within Kings County.  *See* 42 U.S.C. § 1973b(a)(1)(F)(i).

41. During the ten years preceding the filing of this action, and during the pendency of this action, there is no evidence that anyone participating in the District's elections has been subject to intimidation or harassment in the course of exercising his or her rights protected under the Voting Rights Act.  *See* 42 U.S.C. § 1973b(a)(1)(F)(ii).

42. All voter registration in the Kings County portion of the District has been conducted solely by Kings County throughout the ten years preceding the filing of this action and through the present time.  During that time, neither the District nor Kings County conducted an election for the director division that includes territory in Kings County.  There is evidence that Kings County has engaged in constructive efforts, including expanded opportunity for convenient registration, Spanish-language outreach, and voter registration drives in the Hispanic community.  *See* 42 U.S.C. § 1973b(a)(1)(F)(iii).

43. Alta has presented available information concerning voter registration and participation in the portion of the District that lies in Kings County.  *See* 42 U.S.C. § 1973b(a)(2).

44. During the ten years preceding the filing of this action, and during the pendency of this action, the District has not engaged in violations of any provision of the Constitution or laws

of the United States or any State or political subdivision with respect to discrimination in voting on account of race, color, or language minority status. *See* 42 U.S.C. § 1973b(a)(3).

45. Alta has provided public notice of its intent to seek a Section 4(a) declaratory judgment and of the proposed settlement of this action. The District published notice in English and Spanish of a public hearing and its intent to file suit on October 13, 2010 and October 20, 2010 in the Hanford Sentinel, which serves Kings County, as well as the Reedley Exponent and the Dinuba Sentinel. The District also published notice in English and Spanish of the commencement and proposed settlement of this action prior to the filing of the Joint Motion for Entry of Consent Judgment and Decree. Additionally, the District posted notices in the U.S. Post Office in Reedley and in its office in Dinuba. *See* 42 U.S.C. § 1973b(a)(4).

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. The plaintiff Alta Irrigation District is entitled to a declaratory judgment in accordance with Section 4(a)(1) of the Voting Rights Act, 42 U.S.C. § 1973b(a)(1).

2. The parties' Joint Motion for Entry of Consent Judgment and Decree is GRANTED, and the plaintiff Alta Irrigation District is exempted from coverage pursuant to Section 4(b) of the Voting Rights Act, 42 U.S.C. § 1973b(b), provided that this Court shall retain jurisdiction over this matter for a period of ten years pursuant to Section 4(a)(5), 42 U.S.C. § 1973b(a)(5). This action shall be closed and placed on this Court's inactive docket, subject to being reactivated upon application by either the Attorney General or any aggrieved person in accordance with the procedures set forth in Section 4(a)(5), 42 U.S.C. § 1973b(a)(5).

3. Each party shall bear its own costs.

Entered this 15th day of July, 2011.

_____
UNITED STATES CIRCUIT JUDGE

_____
UNITED STATES DISTRICT JUDGE

_____
UNITED STATES DISTRICT JUDGE